IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CALVIN HARRIS, SR. A.H. and C.H., JR.,

                                                                                           ORDER

             Plaintiffs,

                                                                                         09-cv-162-slc

    v.

KB HANSON TRUCKING, INC. and
KD HANSON TRUCKING, INC.,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was filed in March 2009, but it has yet to get off the ground. Magistrate Judge Stephen Crocker has instructed plaintiffs at telephone conferences and in orders to move the case along, but little progress has been made. Thus far, the only demonstration of plaintiff's efforts is an affidavit of service on Karah Hanson, who plaintiffs allege is authorized to accept service for defendant KB Hanson Trucking, Inc. (but not defendant KD Hanson Trucking, Inc.). Plaintiffs have not filed proof of service with respect to defendant KD and they have not moved for a default judgment with respect to defendant KB even though KB has missed its deadline for filing an answer by nearly four months. (It is not clear whether the two defendants are actually separate entities, but plaintiffs have the obligation

1

to serve both of them so long as they are named in the complaint.)

In the magistrate judge's most recent order, entered on November 6, he warned plaintiffs: "Given plaintiffs' failure to prosecute this case with even a modicum of diligence, this lawsuit likely will be gone by December." Dkt. #14. Although plaintiffs have not responded to the November 6 order, I will give plaintiffs one last opportunity to prove the prediction wrong. Williams v. Chicago Board of Education, 155 F.3d 853, 857 (7th Cir. 1998) (before dismissing case for failure to prosecute court should give plaintiff "explicit warning" of this possibility). With respect to defendant KD, plaintiffs must file proof of service or dismiss their complaint as to that defendant. With respect to defendant KB, plaintiff must move for default judgment. If plaintiffs fail to do these things by the end of the year, the case will be closed.

ORDER

IT IS ORDERED that plaintiffs Calvin Harris, A.H. and C.H. may have until December 31, 2009, to show cause why this case should not be dismissed under Fed. R. Civ. P. 41(b) for plaintiffs' failure to prosecute. The clerk of court is directed to close the case

if plaintiffs do not respond by that date.

    Entered this 17th day of December, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge