IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CALVIN HARRIS, SR. A.H. and C.H., JR.,

                Plaintiffs,

    v.

KB HANSON TRUCKING, INC. and
KD HANSON TRUCKING, INC.,

                Defendants.

ORDER

09-cv-162-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The clerk of court has entered default against defendants KB Hanson Trucking, Inc. and KD Hanson Trucking, Inc. in accordance with Fed. R. Civ. P. 55(a). However, I cannot enter default judgment against defendants under Fed. R. Civ. P. 55(b) because plaintiffs Calvin Harris, A.H. and C.H. have not shown that this court has subject matter jurisdiction over the case.

      Because plaintiffs assert a state law claim for negligence only, jurisdiction must come from 28 U.S.C. § 1332, which requires plaintiffs to show that each defendant is a citizen of a state different from the one in which each plaintiff is a citizen. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 803 (7th Cir. 2009). In their complaint, plaintiffs allege that they are "residents" of Minnesota, that defendant KB is a

"business corporation with a principal office in the State of North Dakota" and that defendant KD is a "resident" of North Dakota.  Dkt. #12, at ¶¶ 1-3.

Those allegations are insufficient to establish jurisdiction under § 1332.  First, plaintiffs failed to allege their state of *citizenship*.  An individual's citizenship is determined not by his "residency," but by his domicile, which is where he intends to live for the foreseeable future.  Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).  See also Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges*.")*; McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate.").

Second, plaintiffs have failed to identify the citizenship of either defendant.  A corporation is a citizen of its state of incorporation and the state where its principal place of business is located.  Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004).  Plaintiffs included no allegations in their complaint about either defendant's state of incorporation.  Although plaintiffs allege that defendant KB's "principal office" is in North Dakota, this may or may not mean the same thing as principal place of business.  Illinois Bell Telephone Co., Inc. v. Global NAPs Illinois, Inc., 551 F.3d 587, 590 (7th Cir. 2008) ("A company's principal place of business

is where its 'nerve center' is located, or, more concretely, where its executive headquarters are located.").

As the proponent of jurisdiction, plaintiffs have the burden to show that an exercise of jurisdiction is proper.  Smart, 562 F.3d at 802-03.  Accordingly, I will give plaintiffs an opportunity to submit evidence showing that subject matter jurisdiction exists under § 1332.  If plaintiffs fail to do this, I will dismiss the case.

## ORDER

IT IS ORDERED that plaintiffs Calvin Harris, A.H. and C.H. may have until January 13, 2010 to submit affidavits and any necessary exhibits showing that diversity jurisdiction exists.  If plaintiffs fail to respond by that date or fail to submit sufficient evidence, I will dismiss the case for lack of subject matter jurisdiction.

Entered this 30th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge