IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CALVIN HARRIS, SR. A.H. and C.H., JR.,

                                                        ORDER

           Plaintiffs,

                                                      09-cv-162-slc

     v.

KB HANSON TRUCKING, INC. and
KD HANSON TRUCKING, INC.,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Calvin Harris, A.H. and C.H. are suing defendants KB Hanson Trucking, Inc. and KD Hanson Trucking, Inc. for negligence arising out of a car accident that occurred in March 2007. Because plaintiffs assert a state law claim for negligence only, the only basis for jurisdiction is 28 U.S.C. § 1332, which requires plaintiffs to show that each defendant is a citizen of a different state from each plaintiff. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 803 (7th Cir. 2009).

      In an order dated December 30, 2009, dkt. #18, I informed plaintiffs that the evidence in the record failed to satisfy the requirements of § 1332. Plaintiffs had identified their state of residence, but not their state of citizenship. "[R]esidence and citizenship are

1

not synonyms and it is the latter that matters for purposes of diversity jurisdiction." Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).  See also Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate.").  Further, plaintiffs failed to identify defendant KB's principal place of business or the state of incorporation of either defendant. Both of these facts are necessary to determine defendants' citizenship.  Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) (citizenship of corporation determined by state of incorporation and principal place of business).

    Plaintiffs have responded to the order by simply refiling their complaint, which they say in a cover letter shows that plaintiffs "reside" in Minnesota and that defendants "reside" in North Dakota.  Dkt. #19.  However, I explained to plaintiffs in the December 30 order that an allegation of residency is not sufficient with respect to individuals.  It is meaningless with respect to corporations, which cannot "reside" anywhere.

    This is just the last of a string of examples in which plaintiffs have failed to do the work necessary to prosecute this case.  See dkt. ##5, 10, 14, 15 (various orders discussing plaintiff's failures to accomplish service, establish jurisdiction or take other action to move

the case to resolution). Plaintiffs are not entitled to another chance. Because plaintiffs have failed to prove that their citizenship is diverse from defendants, I cannot exercise jurisdiction over the case under § 1332. The case must be dismissed.

## ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 15th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3